## Yancey v. Lessig

*Desmond J. McTighe,* for petitioner.
*H. Eugene Gardner,* contra.

KNIGHT, P. J., February 7, 1946.—In this trespass case defendant is in the military service and has presented his petition, on which a rule was allowed on plaintiff to show cause why the proceedings should not

be stayed for the period of his military service, and 60 days thereafter, in accordance with the provisions of the Soldiers' and Sailors' Civil Relief Act.

An answer was filed by plaintiff, in which it is admitted that defendant is connected with the military service, but in which it is denied, on information and belief, that his ability to appear and conduct his defense will be materially affected by reason of his military service.

The case came before the argument court upon petition and answer.

The Soldiers' and Sailors' Civil Relief Act provides that the court shall, upon petition of a person in the military service, stay civil proceedings pending against said person, unless the court in the exercise of sound discretion, finds that the ability of the person in military service to appear and defend will not be materially affected by said service.

The answer sets forth no facts which would help the court in exercising its discretion in the matter. So far as the pleading is concerned, defendant may be in Germany or China at the present time. All we have is a bald denial, based on information and belief, that defendant will be prejudiced in the defense by his military service.

The only question involved relates to the burden of proof. Is it the duty of the soldier, sailor or marine, to show that his military service will materially affect his ability to appear and defend himself, or is it the duty of plaintiff to show that defendant's military service will not prejudice him in his defense?

The general rule is that where a case is submitted to the court on petition and answer, the averments of the answer, in the absence of depositions, must be taken as true.

We are of the opinion that cases arising under the provisions of the Soldiers' and Sailors' Civil Relief

Act here considered, are an exception to the general rule.

The simple averment that defendant is in the military service is enough to move the court to stay civil proceedings against him, for it is a matter of common knowledge that in the great majority of cases defendant is stationed far from his home, his time is not his own, and he should for the good of his service, be relieved from the worries of civilian life. To put a defendant in the military service to proof that his service will materially affect his ability to defend himself in a civil case, would, in our opinion, violate the spirit of the Soldiers' and Sailors' Civil Relief Act, and do much to defeat its purpose. If, in fact, the military service of defendant will not materially affect his ability to conduct his defense, this should be shown by depositions taken by plaintiff.

We hold the burden of proof is upon plaintiff, and that it may not be shifted by a bald denial in the answer, based on information and belief.

It may be, as stated by counsel at the argument, that defendant is stationed in Philadelphia, and could readily consult with his counsel, prepare his defense, and appear in court.

If this be the state of affairs, the case should go forward, but, until these facts appear by proper proof, the rule must be made absolute.

We will stay the proceedings for three months, without prejudice to plaintiff, to show by competent proof that defendant's military service will not materially affect his ability to defend the pending action against him.

And now, February 7, 1946, the rule is made absolute to the extent of staying the proceedings for a period of three months from this date.